**RESEARCH CONSULTING ASSOCIATES, Albert S. Richardson, Jr.,**

v.

**ELECTRIC POWER RESEARCH INSTITUTE, INC.**

**Civ. A. No. 84–1106–Z.**

United States District Court, D. Massachusetts.

March 7, 1985.

Paul R. Gupta, Thomas P. Gorman, Sherin & Lodgen, Boston, Mass., for plaintiffs.

J. William Codinha, Peabody & Brown, Boston, Mass., for defendant.

## ORDER ON MOTION OF DEFENDANTS FOR RECONSIDERATION AND VACATION OF ORDER (# 33) AND MOTION OF PLAINTIFFS TO AMEND COMPLAINT AND TO ADD A PARTY (# 18)

ROBERT B. COLLINGS, United States Magistrate.

On October 1, 1984, the plaintiffs filed Motion Of Plaintiffs To Amend Complaint And To Add A Party (# 18). I endorsed the motion on November 1, 1984 as "ALLOWED, no opposition having been filed." On November 8, 1984, the defendant filed Motion Of Defendants (sic) For Reconsideration And Vacation Of Order (# 33) which claimed that there was an agreement of counsel that "no opposition to plaintiffs' Motion need be filed prior to the date for filing of briefs [on the motion for preliminary injunctive relief], the earliest date for which was contemplated to be November 13, 1984." Subsequently, counsel for plaintiffs confirmed the existence of such an agreement.

Accordingly, it is ORDERED that the Motion Of Defendants For Reconsideration And Vacation Of Order (# 33) be, and the same hereby is, ALLOWED. It is ORDERED that the November 1, 1984 endorsement on the Motion Of Plaintiffs' To Amend Complaint And Add A Party (# 18), i.e. the endorsement "ALLOWED, no opposition having been filed.", be, and the same hereby is, VACATED. The Court will rule on plaintiffs' motion to amend on the merits.

The Complaint against the defendant Electric Power Research Institute, Inc. (hereinafter, EPRI) alleges that EPRI is a trade association serving the electric utility industry, primarily in setting standards in the industry and administering a research and development program with respect to the production, transmission, distribution and utilization of electricity. One of the subjects of the research which EPRI has conducted is the problem of "galloping" of electric transmission lines. Galloping is described in the Complaint as "... a condition typically caused by a combination of high winds and freezing weather, in which electric transmission lines oscillate with sufficient amplitude and force so as to cause the lines to fail, resulting in power outages."

According to the Complaint, in 1966, the plaintiff, Research Consulting Associates, developed a product called a windamper which is attached to overhead lines to prevent galloping. Ontario-Hydro, a Canadian utility, developed another device called a detuner which is used to combat galloping. The detuner was first introduced to the Canadian market in 1972 and the U.S. market in 1977.

The plaintiffs allege that EPRI has spent over $1,000,000 in promoting the detuner by, among other things, giving out 2,500 detuners along with free motion picture monitoring equipment to utilities. In contrast, the plaintiffs complain that EPRI has done nothing to promote the windamper or any other anti-galloping device.

Count I of the Complaint alleges that the defendant has acted in restraint of trade and to gain monopoly powers with respect to the market for anti-galloping devices, in violation of the Sherman and Clayton Acts. The remaining counts charge that the defendant has violated the Lanham Act, engaged in trade libel, tortiously interfered with economic relations, breached a contract, and violated M.G.L.A., Chapter 93A. (Counts II–VI).

The motion to amend seeks to add the Secretary of the Treasury as a party-defendant and to add Count VII in which both the Secretary and EPRI are named. Count VII seeks "Declaratory Relief Regarding EPRI's Tax Status...". In substance, the

plaintiffs allege that EPRI enjoys tax-exempt status under § 501(c) of the Internal Revenue Code (hereinafter, the Code) as a non-profit corporation which provides professional planning and management of an industrywide research and development program. Count VII further alleges that EPRI has, in the words of § 513(a) of the Code, engaged in conduct "... not substantially related ... to the exercise or performance ... [of the] purpose or function constituting the basis" of its claimed § 501(c) exemption and thus is not entitled to claim tax-exempt status so long as it promotes the detuner or, alternatively, EPRI must declare and pay tax on income generated in connection with soliciting funds for or promoting the detuner as unrelated business income under § 512(a) of the Code. Plaintiffs claim that EPRI's ability to fund and promote the detuner while unjustifiably claiming the exemption has caused plaintiffs to suffer financial loss.

As a consequence, with respect to the Secretary of the Treasury, plaintiffs pray that the Court issue an order "[d]eclaring that EPRI is not entitled to any exemption under the Internal Revenue Code." Amended Complaint, p. 24 (¶ 9).

The plaintiffs are seeking to have the Court apply the remedy created by Congress in 28 U.S.C. § 2201, i.e. to issue a declaratory judgment. There is no other possible basis upon which the Court can "declare" that EPRI is not entitled to any exemption under the Code. 28 U.S.C. § 2201 provides:

§ 2201 Creation of remedy

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As can be seen, the Act excepts cases "with respect to Federal taxes other than actions brought under section 7428 ... [of the Code]" from its provisions. *The Jolles Foundation, Inc. v. Moysey*, 250 F.2d 166, 169 (2 Cir.1957); *Field v. United States*, 340 F.Supp. 175, 177 (S.D.N.Y.1972). Accordingly, the plaintiffs cannot obtain the relief they seek unless their action is brought under section 7428 of the Code.

Title 26 U.S.C. § 7428 is entitled "[d]eclaratory judgments relating to status and classification of organizations under section 501(c)(3), etc." and § 7428(a) provides that a district court may make a declaration with respect to an initial or continuing qualification of an organization described in § 501(c)(3) of the Code as exempt from tax under § 501(a). However, there is a limitation contained in 26 U.S.C. Section 7428(b)(1) which is plainly applicable to the instant case. § 7428(b)(1) reads:

(b) Limitations.—

(1) A pleading may be filed under this section only by the organization the qualification or classification of which is at issue.

Thus, under the law, the only entity which may bring an action under § 7428(a) regarding EPRI's tax-exempt status is EPRI. Put another way, the plaintiffs are statutorily barred from bringing an action seeking to have the Court issue an Order "[d]eclaring the EPRI is not entitled to any exemption under the Internal Revenue Code." *American New Covenant Church, Petitioner v. Commissioner of Internal Revenue*, 74 U.S.T.C. 293, 301–304 (1980).

In my opinion, there is no need to consider any of the other arguments made by the parties. It is ORDERED that the Motion Of Plaintiffs To Amend Complaint And To Add A Party (# 18) be, and the same hereby is, DENIED.